UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHARLES RAY ADDISON                    CIVIL ACTION
     Appellant                         NO. 1:09-cv-1017

VERSUS

MICHAEL J. ASTRUE                      JUDGE DEE D. DRELL
COMMISSIONER OF SOCIAL SECURITY        MAGISTRATE JUDGE JAMES D. KIRK
     Appellee

REPORT AND RECOMMENDATION

Charles Ray Addison ("Addison") filed an application for Title XVI Supplemental Security Income benefits ("SSI") on November 16, 2005 (R. 72-75). The claim was initially denied and Addison timely filed a request for hearing before an Administrative Law Judge ("ALJ")(R. 54).

Administrative Law Judge Ronald L. Burton held a hearing on November 15, 2006 and issued an unfavorable decision on March 15, 2007 (R. 58-63). Addison sought review by the Appeals Council and, on August 21, 2007, the Appeals Council vacated the decision and remanded the case for further review (R.68-70). ALJ Burton held a second hearing March 15, 2008 (R. 16-22) and issued a decision August 29, 2008 finding Addison retained the residual functional capacity for sedentary work and, therefore, was not disabled (R. 13-15).

Addison again sought review by the Appeals Council (R. 11-12). However, on April 22, 2009, it declined review, and the ALJ's

decision became the final decision of the Commissioner of Social Security ("the Commissioner") (R. 5-7). Addison then filed the instant action seeking judicial review of the Commissioner's decision.

To qualify for SSI under Title XVI of the Social Security Act, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. §1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. 1382(a). To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months. Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. 1382(a)(3).

### Summary of Pertinent Facts

Addison filed an application for SSI benefits at the age of 46 and he was 49 when the decision became final. Shortly after filing the application, Addison, with the help of Edna Addison, completed a Adult Function Report (R. 94-101). In the report, dated November 29, 2005, Addison noted that he left the house every day (R. 97) and his daily routine consisted of eating breakfast, taking his medication, walking a little more than a mile, elevating his leg two hours, watching television, taking his evening medications and

going to bed (R. 94,101). He prepared sandwiches and frozen dinners, folded clothes, washed dishes and did his own grocery shopping (R. 96).

The Disability Report he helped fill out in September of 2006 indicated he suffered from high blood pressure and heart problems and he limped due to a right leg wound (R. 79). He claimed he could not bend or climb because of his right knee (R. 79).

An initial hearing was held November 15, 2006 before ALJ Burton. Addison was present but was not represented as he voluntarily waived his right to representation (R. 40). Addison completed the 11th grade but did not attend a trade or vocational school (R. 84). He worked as a laborer in a saw mill plant for nearly ten years and then as a cement finisher for approximately two years (R. 80). He applied for jobs since his heart attack but no one would hire him because of his condition (R. 349).

Addison had a heart attack in March of 2004 and underwent bypass surgery (R. 80, 343-347). In fact, medical records reveal Addison suffered a myocardial infarction, underwent emergency left heart catheterization and then underwent coronary artery bypass graft x4 vessels (R. 104-106). In addition, Addison underwent surgery on his knee in 1990 and his stomach in 1996 (R. 343-347). Within the year prior to the hearing, Addison had not undergone any stress tests to evaluate his cardiac condition, but he did go to the Natchitoches Hospital Emergency Room for chest pains (R. 348).

In addition to chest pain, he complained of pain and numbness in his legs where the arteries were removed for the bypass surgery (R. 351). He also complained of shortness of breath and poor circulation which resulted in his hands becoming numb (R. 352).

Another hearing was held on December 17, 2007. Present at that hearing were ALJ Burton, Addison, a witness, Emily Buffin, and Vocational Expert Lester Soileau (R. 358). Addison testified that in 2006, he earned money by working a couple of days a week for a towing company (R. 362-363). He also earned money doing yard work with Ms. Buffin, and in the summers they took care of 15 to 20 yards a week (R. 371). He acknowledged that most of the money he earned doing these jobs was used to purchase medications (R. 366).

In February of 2007, when Addison was admitted to the emergency room in Natchitoches, he was told that he should follow up with a cardiologist in the next four months to see about his aortic insufficiency. However, as of November of 2007, he had not done so nor had he seen any other doctor (R. 367-368, 384).

He continued to complain about his legs and stated that he could only walk about thirty minutes or 100 yards before having to sit down (R. 372-373). Ms. Buffin stated that while he did some yard work, he did not have the stamina to do such work on a full time basis because of shortness of breath. In fact, she testified that she does the mowing and he does the weeding (R. 379). She further testified that he complained about his legs and had to stop

along the way on his four block walk to the store (R. 380).

After the hearing, the ALJ issued a decision. In the decision, he found: Addison had not engaged in substantial gainful activity since applying for SSI; his severe impairments included degenerative changes in his right knee, status post gun wound and status post successful CABG x4; neither of his impairments nor a combination thereof met or medically equaled a listed impairment; he had the residual functional capacity to perform sedentary work; he was unable to perform his past work; he was a younger individual at the time he submitted his application for SSI; he had a limited education and could communicate in English; transferability of job skills was not an issue; there were jobs that existed in significant numbers in the national economy that Addison could perform; and, he had not been under a disability since November 7, 2005 (R. 16-22).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but

need not be a preponderance. <u>Falco v. Shalala</u>, 27 F.3d 160, 162 (5th Cir. 1994), citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1302 (5th Cir. 1987); <u>Dellolio v. Heckler</u>, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. <u>Allen v. Schweiker</u>, 642 F.2d 799, 801 (5th Cir. 1981). Also, <u>Anthony v. Sullivan</u>, 954 F.2d 289, 295 (5th Cir. 1992). The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. <u>Dellolio</u>, 705 F.2d at 125. However, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340 (5th Cir. 1988); <u>Dellolio</u>, 705 F.2d at 125.

### ISSUES

Addison raises the following issues for appellate review:

1. The Administrative Law Judge did not have substantial evidence to support his decision of finding that Charles

        Ray Addison was not disabled;

2.   The Administrative Law Judge failed in his duty, as it relates to the burden of the Social Security Administration, in finding that there are jobs available in significant numbers in the economy that Charles Ray Addison could maintain.

## DISCUSSION

### Substantial Evidence

Addison contends that substantial evidence does not support the ALJ's finding that he is not disabled. Addison states that the medical evidence reflects a history of treatment for his coronary disease, degenerative joint disease and gastroesophageal reflux disease and these illnesses prevent him from maintaining full time employment. Addison further contends that he is unable to perform either sedentary work (because he cannot sit the required six hours in an eight hour work day) or light work (because he cannot stand the requisite six hours in an eight hour work day). He also contends his testimony was to have been given greater weight on remand per the Appeals Council's order.

The undersigned has thoroughly reviewed the entire record and fails to find a lack of substantial evidence in support of the ALJ's finding. It is Addison who fails to present substantial evidence in favor of his own argument. Though he cites law in support of his contentions, he fails to cite a single page in the record which supports that his illnesses render him unable to work and thus disabled. There is no evidence he is currently under the

care of a cardiologist or any other doctor or that he has been since he filed his application. There is evidence that he was seen for a follow up in Shreveport and that he was seen in the emergency room on several occasions for chest pain. However, each visit ended with a diagnosis of chest wall pain and both the February 2006 and February 2007 visits were due to muscle strain (R. 187-188, 287-289, 273-274). The only hint of a cardiac problem since his bypass surgery (which predated his application date) was Dr. Lori Rodriguez's note regarding aortic insufficiency. Yet, the record lacks any evidence Addison followed up with a doctor regarding this potential problem despite the doctor and the ALJ urging him to do so.

As to Addison's contention that he cannot sit six hours, substantial evidence does not support that argument. The Medical Source Statement submitted by Dr. Alammar indicates Addison is capable of sitting three hours without interruption and capable of sitting 8 hours in an eight hour work day (R. 305). Dr. Alammar further noted that Addison did not require use of a cane to ambulate and could carry out activities of daily living (R.305). Additionally, the Physical Residual Functional Capacity Assessment provided by Tim H. Rodgers of DDS indicates Addison is capable of sitting six hours in an eight hour day (R. 176-184).

The only other evidence in the record regarding Addison's physical abilities are his own written statements, his testimony at

the hearings and the testimony of Ms. Buffin. In November of 2005, Addison stated he walked about a mile every day and that he could walk well; however, he also stated that he used a cane and/or walker (R.99-100). During the 2006 hearing he complained of pain in his legs if he walked too far (R. 351) but never complained of an inability to sit. In fact, he testified that he was looking for work driving eighteen wheelers (R. 349-350). A job that would require an extensive amount of sitting. Further, at the 2007 hearing, he noted he could only stand thirty minutes at a time and walk no more than 100 yards and Ms. Buffin noted his inability to mow lawns on a regular and continuing basis. However, neither noted an inability to sit.

Finally, Addison contends that based upon the remand order, his subjective complaints of pain should have been given greater consideration. The undersigned does not agree with Addison's interpretation of the Appeals Council's remand order. That order remanded the matter because the "decision did not adequately address the factors outlined in 20 CFR 416.929 and Social Security Ruling 96-7p" as "there [was] no specific analysis of any of the factors required by the Regulations." (R.69). Accordingly, the Appeals Council ordered the ALJ to "[f]urther evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 416.929) and Social Security Ruling 96-7p."

(R.69).

The order is clear. Upon remand, the ALJ was to properly evaluate Addison's subjective complaints and provide an analysis as to credibility. This was done by the ALJ. Thus, there was no error.

Ability to work

Addison also argues that the ALJ erred when he determined that Addison was capable of performing sedentary work. Addison argues that the ALJ failed to assess whether or not he could perform sedentary work on a sustained, consistent and competitive basis. Addison cites Moore v. Sullivan, 895 F.2d 1065 (5th Cir. 1990) for the proposition that the ALJ must make a formal finding that the claimant can hold a job for a significant period of time.

As noted by the Commissioner, there is no requirement that the ALJ necessarily make such a finding. While the Fifth Circuit found in Watson v. Barnhart, 288 F.3d 212 (5th Cir. 2002) that an individual's ability to maintain employment is to be considered in determining disability, the Court clarified its position in Frank v. Barnhart, 326 F.3d 618, 619 (5th Cir. 2003). Specifically, the Court stated: "However, nothing in Watson suggests that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case... Watson requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms." See also,

Dunbar v. Barnhart, 330 F.3d 670, 672 (5th Cir. 2003); Perez v. Barnhart, 415 F.3d 457, 465 (5th Cir. 2005). No such evidence exists in the instant case that Addison's symptoms wax and wane.

Moreover, the evidence in the record does not support a finding that Addison cannot perform sedentary work on a regular and continuing basis. The testimony was that he could not perform manual labor on a regular and continuing basis. This in no way reflects on whether or not Addison is capable of performing sedentary work.

## Conclusion

Accordingly, IT IS RECOMMENDED that Addison's appeal be DENIED WITH PREJUDICE.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of May 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE